**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**UNITED STATES OF AMERICA**                    **CRIMINAL DOCKET**

**VERSUS**                                              **No. 06-234**

**LAMONT WILLIAMS**                                 **SECTION I/2**


## ORDER AND REASONS

Before the Court is a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence filed by defendant, Lamont Williams ("petitioner").[1] For the following reasons, the motion is **DENIED** and petitioner's application is **DISMISSED WITH PREJUDICE**.

### *BACKGROUND*

On August 31, 2006, petitioner was charged pursuant to a superseding indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride and fifty grams or more of cocaine base.[2] The superseding indictment also charged petitioner with unlawful use of a communication facility to facilitate the commission of a drug trafficking crime.[3] Petitioner was arraigned before U.S. Magistrate Judge Louis Moore on September 11, 2006.[4]

The charges against petitioner stem from an investigation into drug trafficking activity in Kenner and Metairie, Louisiana.[5] The investigation began in January, 2006, and involved

---

[1] R. Doc. No. 384.
[2] R. Doc. No. 18, p. 1.
[3] R. Doc. No. 18, p. 3.
[4] R. Doc. No. 39.
[5] R. Doc. No. 312, pp. 107-08.

information obtained from, among other methods, cooperating informants, controlled purchases, surveillance, pen registers, and telephonic wiretaps.[6]

Petitioner's jury trial commenced on January 29, 2007, and concluded on January 30, 2007.[7] Following trial, the jury found petitioner of guilty of unlawful use of a communications facility and of conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base.[8] The jury specifically found that the quantities involved in petitioner's conspiracy were at least five-hundred grams but less than five kilograms of cocaine hydrochloride and fifty grams or more of cocaine base.[9]

On the morning of petitioner's trial, the government filed a bill of information to establish a prior conviction.[10] This conviction, combined with another conviction provided by an earlier bill of information,[11] resulted in a mandatory minimum sentence of life imprisonment with respect to the conspiracy count.

On February 13, 2007, petitioner filed a motion for acquittal or for a new trial.[12] The Court denied the motion on March 5, 2007.[13] Petitioner subsequently appealed his conviction to the United States Court of Appeals for the Fifth Circuit.[14] On June 19, 2008, the Fifth Circuit affirmed this Court's judgment.[15] Petitioner's application for writ of certiorari to the United States Supreme Court was denied on October 16, 2008.[16] On October 7, 2009, petitioner filed this timely motion pursuant to 28 U.S.C. § 2255, raising various claims for relief.[17]

---

[6] R. Doc. No. 312, pp. 108-10.
[7] R. Doc. Nos. 226, 227.
[8] R. Doc. No. 227-3.
[9] R. Doc. No. 227-3, p. 2.
[10] R. Doc. No. 217.
[11] R. Doc. No. 155.
[12] R. Doc. No. 233.
[13] R. Doc. No. 238.
[14] R. Doc. No. 287.
[15] R. Doc. No. 338.
[16] R. Doc. No. 354.
[17] R. Doc. No. 384.

*STANDARD OF LAW*

## I.     Overview of 28 U.S.C. § 2255

Title 28, United States Code, Section 2255(a) allows a prisoner to attack his sentence: (1) if it was imposed in violation of the Constitution or laws of the United States; (2) if a court was without jurisdiction to impose such sentence; (3) if the sentence was in excess of the maximum authorized by law; or (4) if the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).

Pursuant to § 2255, the Court must grant the defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."  United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  If the court determines that the prisoner is entitled to relief, "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

## II.     Ineffective Assistance of Counsel

The standard for judging the performance of counsel was established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  In Strickland, the Court established a two-part test for evaluating claims of ineffective assistance of counsel that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice.  Strickland, 466 U.S. at 697.  Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness."  Id. at 688.  To establish prejudice, "[t]he

defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; see also United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the Court will 'indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." Moore v. Johnson, 194 F.3d 586, 591 (5th Cir. 1999) (citing Strickland, 466 U.S. at 689). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. Strickland, 466 U.S. at 689; Neal v. Puckett, 286 F.3d 230, 236-37 (5th Cir. 2002). "A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." Bell v. Cone, 535 U.S. 685, 701 (2002) (citing Strickland, 466 U.S. at 689). Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. Strickland, 466 U.S. at 689.

The second prong of the Strickland test looks to the prejudice caused by counsel's deficient performance. This requires "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." United States v. Mullins, 315 F.3d 449, 456 (5th Cir. 2002) (quoting Strickland, 466 U.S. at 687). "[T]he defendant must show that counsel's errors were prejudicial and deprived defendant of a 'fair trial, a trial whose result is reliable.'" United States v. Baptiste, No. 98-207, 2007 U.S. Dist. LEXIS 21388, at *11

n.6 (E.D. La. Mar. 26, 2007) (Engelhardt, J.) (quoting Strickland, 466 U.S. at 687). "This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors." Id.

### *DISCUSSION*

Petitioner's application raises the following grounds for relief: (1) the Court lacks jurisdiction over petitioner because he was never "formally re-arraigned;" (2) counsel was ineffective by failing to object to the untimeliness of the bill of information filed on January 29, 2007; (3) counsel was ineffective by failing to object to the government's failure to charge petitioner with a separate count for each type of drug charged; (4) counsel was ineffective for failing to file a motion in limine to bar evidence of petitioner's other bad acts; (5) counsel was ineffective for failure to raise the disparity in sentences between crack and powder cocaine; (6) counsel was ineffective in failing to file a motion to suppress the recorded tape conversations of petitioner; (7) counsel was ineffective for failing to request an adverse inference jury instruction with respect to petitioner's choice not to testify; (8) petitioner is actually innocent of the career offender enhancement.[18] The Court will address each of these claims in turn.

**I.      Petitioner's jurisdictional claim**

Petitioner claims that the record is absent of evidence that petitioner was ever "formally re[-]arraigned" or that he "pleaded to the superceding [sic] indictment" and, as a result, "the conviction must be set aside as the court [is] lacking *in personam jurisdiction*."[19] The only authority petitioner cites in support of this proposition is Crain v. United States, 162 U.S. 625

---

[18] Petitioner's seventh and eighth claims for relief were not raised in his original § 2255 petition. Rather, petitioner appended them to his reply to the government's opposition. Out of an abundance of caution, however, the Court will address these claims as well.

[19] R. Doc. No. 384, p. 4.

(1896). Although that case does stand for the principle that "a plea to the indictment is necessary before the trial can be properly commenced," id. at 643, it does not entitle petitioner to relief.

As noted above, petitioner was arraigned on September 11, 2006.[20] Petitioner, appearing with counsel, was advised of the maximum penalty he faced, waived his right to a reading of the superseding indictment, and pled not guilty to all counts.[21] Petitioner was provided all of the procedural protections required by the Constitution and Rule 10 of the Federal Rules of Criminal Procedure. While the Court did later provide a "re-arraignment date" for any defendants that intended to plead guilty, petitioner chose not to plead guilty and instead proceeded to trial. Accordingly, petitioner's claim with respect to the Court's jurisdiction is frivolous.

**II. Ineffectiveness of counsel with respect to the timeliness of the bill of information**

Title 21, United States Code, Section 851(a)(1) provides that a defendant's sentence shall not be enhanced "unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). Petitioner claims that his counsel was ineffective by failing to object to the timeliness of one of the bills of information filed by the United States attorney.

Petitioner's claim is predicated on his assumption that such bill of information was, in fact, filed in an untimely manner. Such assumption is belied by the facts in the record. Although the Clerk of Court did not time stamp the bill of information as received until 8:35 a.m. on January 29, 2007—five minutes after the trial was scheduled to begin—petitioner's trial counsel filed an affidavit stating that he "received a copy of the bill of information from the Assistant

---

[20] R. Doc. No. 39.
[21] R. Doc. No. 39.

6

U.S. Attorney in court before the trial began."[22]  Because petitioner has provided no evidence that the bill of information was filed late, counsel's failure to object to the filing of the bill of information cannot constitute ineffective assistance of counsel.

### III.    Failure to object to government's failure to charge petitioner with separate conspiracy counts for each drug type

Petitioner alleges that counsel was ineffective by failing to challenge or object to the government's failure to charge him with a separate count for each drug type.  Petitioner's argument ignores, however, the fact that Count 1 of the superseding indictment charges him with conspiracy rather than the underlying substantive offenses.  Although the joining in a single count of two or more distinct and separate offenses is ordinarily not permitted, "[t]he allegation in a single count of conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." United States v. Cooper, 966 F.2d 936, 439 (1992) (internal quotations and citations omitted).

Accordingly, petitioner's allegation of ineffective assistance of counsel with respect to a failure to challenge the duplicity of the indictment must fail because such a motion would have been frivolous.  "Counsel cannot be faulted for failing to pursue meritless motions." Lavernia v. Lynaugh, 845 F.2d 493, 499 (5th Cir. 1988).

To the extent that petitioner is attempting to argue that the jury's verdict was ambiguous and his sentence should have been limited to the least severe object of the conspiracy, such argument is also meritless.  "A jury verdict in a criminal case is ambiguous if the defendant is charged with a multiple-drug conspiracy and the jury verdict does not specify whether the jury found the defendant guilty with respect to some or all of the drugs." United States v. Carbajal, 290 F.3d 277, 288 (5th Cir. 2002).  Here, however, the jury verdict did make specific findings

---

[22] R. Doc. No. 337, p. 5.

with respect to the quantity of each type of drug involved in the conspiracy.[23] Accordingly, the jury verdict was not ambiguous and petitioner's counsel was not ineffective because any objection made on such basis to the verdict at sentencing would have been meritless.

## IV. Failure to file a motion in limine

Petitioner argues that his trial counsel provided ineffective assistance of counsel by failing to file a motion in limine to exclude references to prior bad acts. Petitioner contends that had his counsel filed a motion in limine, counsel would have been better able to advocate for a mistrial when certain witnesses made reference to his previous drug distribution activities.

The Court first notes that petitioner's arguments with respect to his drug distribution activities in 2005 are meritless because this Court found such evidence to be admissible as intrinsic to the conspiracy.[24] As noted above, counsel is not required to pursue meritless motions. Lavernia, 209 F.3d at 288.

Petitioner also argues that his counsel's motion in limine would have prevented the testimony by a cooperating co-defendant, Lendell Wallace, that petitioner had been selling drugs to Wallace since Wallace was seventeen years of age. A motion in limine would also allegedly have precluded the testimony of another cooperating co-defendant, James Wallace, that all of the drug dealers in the neighborhood bought drugs from petitioner.[25] In both cases, counsel objected to the testimony such trial and the Court sustained the objections and instructed the jury to disregard the evidence. See United States v. Williams, 272 Fed.App'x 472, 476 (5th Cir. 2008).

Petitioner argues that he was prejudiced by his counsel's failure to file a motion in limine because, had counsel filed the motion, "[counsel] would have been better equipped in preparing

---

[23] R. Doc. No. 227-3.
[24] R. Doc. No. 312, pp. 311-312. The Court also noted that he found that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.
[25] R. Doc. No. 417, p. 18.

for the evidence the government intended to present at trial through their cooperating witnesses, which in turn would have caused the outcome to be different."[26] Petitioner's argument is without merit because he does not demonstrate how the filing of the motion in limine would have changed the outcome of the trial. Both this Court and the United States Court of Appeals for the Fifth Circuit found that the Court's curative instructions to the jury cured any prejudice that the testimony may have had. See Williams, 272 Fed.App'x at 476. Because the testimony did not prejudice petitioner, petitioner's claim that his counsel was ineffective for failing to file a motion in limine is denied.

## V.     Failure to raise the crack/cocaine disparity

Petitioner contends that his counsel was ineffective for not raising the disparity in sentences between crack and powder cocaine. The crack/cocaine disparity is not relevant to petitioner's case, however, because petitioner's two prior felony drug convictions required the Court to impose a mandatory minimum sentence of life imprisonment. Accordingly, any arguments by counsel with respect to changes to the sentencing guidelines could not have changed the sentence because the Court was bound by the mandatory minimum sentence imposed by Congress. See United States v. Kimmons, 2010 U.S. App. LEXIS 11231, at *2 (5th Cir. 2010). Because counsel is not required to file meritless motions, this claim must also be denied.

## VI.     Failure to file a motion to suppress

Petitioner contends that his counsel was ineffective by failing to file a motion to suppress the recorded phone conversations that were introduced at his trial. Petitioner argues this prejudiced him because there was no evidence that the government complied with the required

---

[26] R. Doc. No. 417, p. 20.

wire tap procedures.[27]   Specifically, petitioner claims there is no evidence that the master disk

containing the wire tap recordings was ever sealed.[28]

This claim must fail because, contrary to petitioner's claims, the evidence in the record

suggests that the government did comply with the requisite wire tap procedures, including the

sealing requirement.[29]   Moreover, petitioner points to no evidence that suggests that a motion to

suppress might have been granted.  Accordingly, counsel cannot be faulted for failing to file the

meritless motion.

## VII.    Failure to request an adverse inference instruction

Petitioner argues that counsel was ineffective by failing to request a jury charge

instructing the jury that they could draw no adverse inference by petitioner's decision not to

testify.[30]   Although there is no evidence that petitioner's counsel requested such an instruction,

petitioner cannot demonstrate any prejudice because the Court actually gave an adverse inference

instruction on two separate occasions.[31]   Because such an instruction was actually given,

petitioner can demonstrate no prejudice from his counsel's alleged failure to request such

instruction.

---

[27] R. Doc. No. 417, p. 27.

[28] R. Doc. No. 417, p. 27.

[29] See R. Doc. No. 312, pp. 117-118.  Counsel for the government read a stipulation that states, in relevant part:

> [S]pecial agents and other employees of the Drug Enforcement Administration monitored all incoming and outgoing telephone calls and recorded every call except those not recorded pursuant to standard minimization procedures which protect conversations and communication of a purely personal nature . . .

> [T]he original magneto optical disk was sealed by order of the Court and has been secured and maintained under seal in the custody of the Drug Enforcement Administration and until they were ordered unsealed by the Court.

[30] R. Doc. No. 417, p. 29.

[31] See R. Doc. No. 312, p. 91 ("Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the defendant may not have testified."); R. Doc. No. 313, pp. 84-85 ("The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatsoever may be drawn from the election of a defendant not to testify.").

## VIII. Actual innocence claim

Petitioner's final claim is not clear from his petition. Petitioner appears to be arguing that his two prior felony drug convictions should not be considered by the Court because he had completed his terms of supervision prior to his sentencing for this offense.[32] Petitioner, however, provides no authority to support his argument that a prior felony drug conviction should be disregarded by a sentencing court if a defendant has completed the terms of his supervision. 21 U.S.C. § 841(b)(1)(A) states: "If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A). Petitioner has not identified any authority either within § 841 or within any other statute that would allow his convictions to be excluded. Accordingly, petitioner has not demonstrated that he is entitled to relief on this claim.

### *CONCLUSION*

Accordingly, and for the reasons stated above,

**IT IS ORDERED** that petitioner's claims in his motion pursuant to § 2255 are **DENIED** and that such claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 17, 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[32] R. Doc. No. 417, p. 33.

11